[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10066
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 5, 2010
JOHN LEY
CLERK

Agency No. A078-595-552


SEBASTIAO DE OLIVEIRA LINGORDO,
NAJIA MAJED HILAL DE OLIVEIRA,
MARINA HILAL LINGORDO,
SALEH HILAL LINGORDO,
MAYARA HILAL LINGORDO,

Petitioners,

versus

U. S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 5, 2010)

Before TJOFLAT, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Sebastiao de Oliveira Lingordo, proceeding *pro se* and apparently seeking to represent his family members (collectively "Petitioner"), seeks review of the December 30, 2009 order of the Board of Immigration Appeals ("BIA") denying Petitioner's motion to reconsider the BIA's June 30, 2009 removal order. We lack jurisdiction to review the June 30 removal order—because Petitioner did not petition the BIA for reconsideration within 30 days of the issuance of that removal order—and therefore dismiss the instant petition for review to the extent that it implicitly seeks review of that removal order. *See* INA § 242(a)(1), (b)(1), 8 U.S.C. § 1252(a)(1), (b)(1); *see also Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (holding that "[s]ince the statutory limit for filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional,' it is not subject to equitable tolling."). The instant petition is timely as it relates to the December 30 order, however; hence, we have jurisdiction to review it. We do so under the abuse-of-discretion standard. *See Calle v. U. S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007).

A motion for reconsideration, such as the one Petitioner presented the BIA in this case, "shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority."

8 C.F.R. § 1003.2(b)(1). A motion to reconsider that merely restates the arguments that the BIA previously rejected provides no reason for the BIA to change its prior decision. *See Calle*, 504 F.3d at 1329. "Therefore, merely reiterating arguments previously presented to the BIA does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider." *Id.* (citing 8 C.F.R. § 1003.2(b)(1)).

In his motion for reconsideration, Petitioner failed to identify any errors of fact or law in the BIA's June 30 removal decision. Instead, he reiterated arguments that he had previously presented to the BIA. Given that these arguments did not address errors of law or fact in the June 30 decision, the BIA did not abuse its discretion in denying Petitioner's motion. *See* 8 C.F.R. § 1003.2(b)(1).

DISMISSED IN PART, DENIED IN PART.